IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bilal A. Al-Haqq, | ) | |
| | ) | C/A No. 2:15-1387-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Lavern Cohne, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Bilal A. Al-Haqq, a state prisoner proceeding pro se, filed this habeas action pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the action be dismissed with prejudice for failure to prosecute and comply with this court's orders. (ECF No. 23).[1]

On July 13, 2015, Respondent filed a motion to dismiss. (ECF No. 11). That same day the magistrate judge entered an order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary dismissal procedure and the possible consequences of his failure to adequately and timely respond to Respondent's motion to dismiss. (ECF No. 12). When Petitioner did not file a response to Respondent's motion, the magistrate judge entered a

---

[1] The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

second order on August 21, 2015, giving Petitioner an additional twenty days in which to file a response to Respondent's motion to dismiss. (ECF No. 15). This order specifically advised Petitioner that if he failed to respond to Respondent's motion, his case may be dismissed for failure to prosecute. *Id.* Prior to the deadline, Petitioner filed a motion for an extension of this deadline (ECF No. 17), which the magistrate judge granted - giving Petitioner until September 23, 2015, to file a response to Respondent's motion to dismiss (ECF No. 18).[2] After that deadline had passed, Petitioner filed another motion for an extension (ECF No. 20), which the magistrate judge again granted - giving Petitioner until November 2, 2015, to file his response to Respondent's motion to dismiss. (ECF No. 21).[3] However, despite the numerous extensions, Petitioner did not file a timely response to the motion to dismiss. Therefore, on November 9, 2015, the magistrate judge entered the Report recommending that this action be dismissed for failure to prosecute. (ECF No. 23). The magistrate judge attached a notice to the Report advising Petitioner that he may file specific, written objections to the Report within ten days after being served with a copy. (ECF No. 23 at 3). Rather than file any objections to the Report, Petitioner filed an untimely response to Respondent's motion to dismiss. (ECF No. 25).[4] In this response, Petitioner does not address the Report or state any reason for his delay in filing his response beyond the deadline.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b),

---

[2] The court notes that the motion for extension was stamped as having been received by the prison mailroom on August 21, 2015. (ECF No. 17-2).

[3] The court notes that this motion for extension was stamped as having been received by the prison mailroom on September 28, 2015. (ECF No. 20-2).

[4] The response was stamped as having been received by the prison mailroom on November 10, 2015, eight days after the November 2, 2015 deadline. (ECF Nos. 21, 25-3).

the court is required to consider four factors:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Here, applying these factors, the court finds Petitioner's case warrants dismissal under Rule 41(b).

First, the record shows Petitioner's failure to prosecute this action is entirely his own fault. He failed to file a timely response to Respondent's motion to dismiss. Despite the magistrate judge granting Petitioner several extensions and affording him ample time - nearly four months - to respond to Respondent's motion, Petitioner did not file a timely response.

The second factor also favors dismissal because Respondent has suffered prejudice resulting from Respondent's delays. Regarding the third factor, the court can discern the existence of a drawn out history of deliberately proceeding in a dilatory fashion. Petitioner's pattern of filing extension requests, receiving extensions, and then not adhering to the filing deadlines illustrates his deliberate intent to delay this case. Further, Petitioner is no stranger to federal court, having pursued multiple actions in this court, and should be well aware of the consequences for not complying with filing requirements. Moreover, in this action, the magistrate judge has specifically warned Petitioner in this action that his failure to properly respond to court orders would result in a recommendation of dismissal. (See ECF Nos. 12, 15).

Finally, the court can find no sanction less severe than dismissal. Petitioner has demonstrated he will not comply with court instructions or deadlines despite orders and extensions offering clear explanations of the procedures used in district court. *See Zaczekv. Fauquier Cty.,* 764 F.Supp. 1071, 1077 (E.D. Va. 1991). (finding a sanction of dismissal of the complaint with prejudice was "necessary because the plaintiff repeatedly failed to comply with

the [o]rders of th[e] [c]ourt"). Given Petitioner's noncompliance with court orders, the court finds no sanction except dismissal would be effective or appropriate. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1990) (stating that "[a]ny other course [besides dismissal] would have placed the credibility of the [district] court in doubt and invited abuse").

Based on the foregoing, and after a thorough review of the record in this case, the court adopts the Report (ECF No. 23) and incorporates it herein. Accordingly, this action is **DISMISSED** with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). Further, Respondent's motion to dismiss (ECF No. 11) is **TERMINATED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 4, 2016
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.